Case 4:20-cv-01588   Document 1-2   Filed on 05/06/20 in TXSD   Page 1 of 12

7/19/2019 4:01 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35284488
By: Brittany Hall
Filed: 7/19/2019 4:01 PM

CAUSE NO. 2018-70481

| | | |
|---|---|---|
| GRANITE STATE INSURANCE COMPANY, AS SUBROGEE OF 4G/5G METALS, INC. D/B/A SUNSHINE RECYCLING | § § § § § | IN THE DISTRICT COURT |
| | § | OF HARRIS COUNTY, TEXAS |
| VS. | § § | |
| TEXAS TERMINALS, L.P. and BARNHART CRANE & RIGGING CO. | § § | 269TH JUDICIAL DISTRICT |

## PLAINTIFF'S FOURTH AMENDED ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE DISTRICT COURT JUDGE:

Plaintiff, GRANITE STATE INSURANCE COMPANY, AS SUBROGEE OF 4G METALS, INC. AND 5G METALS, INC. ("Granite State"), files its *Fourth Amended Original Petition and Request for Disclosure*, complaining of Defendants TEXAS TERMINALS, L.P., S.A. PRESSES ET CISAILLES LEFORT, LEFORT AMERICA, LEFORT HEAVY PLANT SERVICES, LTD, ONE WORLD LOGISTICS, LLC and CHAUCER SYNDICATE 1084 AT LLOYD'S (collectively referred to as "Defendants").

### I. DISCOVERY PLAN – LEVEL THREE

1.1  Pursuant to Tex. Rule of Civ. Proc. 190.1, Granite State pleads that discovery will be conducted under a Level 3 discovery plan.

### II. PARTIES

2.1  Granite State is a foreign insurance corporation doing business in The State of Texas.

*AIG-4G/Petition – Fourth Amended*

2.2     Defendant, TEXAS TERMINALS, L.P. ("TTLP"), is a domestic limited partnership doing business in Texas, which has appeared and answered in this cause, and may be served with this amended petition on its counsel of record.

2.3     Defendant, S.A. PRESSES ET CISAILLES LEFORT ("Lefort"), is a nonresident company which engaged in business in Texas, but does not maintain a regular place of business in this state or a designated agent for service of process. As such, given that this is a proceeding that arises out of the business done in this state and to which this Defendant is a party, pursuant to TCPRC 17.044(b), the Secretary of State is an agent for service of process on this Defendant. Pursuant to TCPRC § 17.045(a), after being served with duplicate copies of process, the secretary of state shall immediately mail a copy of the process to the defendant by registered mail or by certified mail, return receipt requested to its following home office address:

> S.A. Presses et Cisailles Lefort
> Attn: President
> Rue Tahon, 1 A
> 6041 - Gosselies - BELGIUM

**\* Service is Requested on this Defendant at this Time \***

2.4     Defendant, LEFORT AMERICA ("Lefort"), is a nonresident company which engaged in business in Texas, but does not maintain a regular place of business in this state or a designated agent for service of process. As such, given that this is a proceeding that arises out of the business done in this state and to which this Defendant is a party, pursuant to TCPRC 17.044(b), the Secretary of State is an agent for service of process on this Defendant. Pursuant to TCPRC § 17.045(a), after being served with duplicate copies of process, the secretary of state shall immediately mail a copy of the process to the defendant by registered mail or by certified mail, return receipt requested to its following home office address:

Lefort America
Attn: President
10895 NW 50th Street
Sunrise, FL 33351

**\* Service is Requested on this Defendant at this Time \***

2.5     Defendant, LEFORT HEAVY PLANT SERVICES, LTD ("Lefort"), is a nonresident company which engaged in business in Texas, but does not maintain a regular place of business in this state or a designated agent for service of process. As such, given that this is a proceeding that arises out of the business done in this state and to which this Defendant is a party, pursuant to TCPRC 17.044(b), the Secretary of State is an agent for service of process on this Defendant.  Pursuant to TCPRC § 17.045(a), after being served with duplicate copies of process, the secretary of state shall immediately mail a copy of the process to the defendant by registered mail or by certified mail, return receipt requested to its following home office address:

Lefort Heavy Plant Services, LTD
Higham House, Ballymurry, Knockcroghery, Co.
Roscommon
Republic of Ireland

**\* Service is Requested on this Defendant at this Time \***

2.6     Defendant, ONE WORLD LOGISTICS, LLC ("OWL"), is a nonresident company which engaged in business in Texas, but does not maintain a regular place of business in this state or a designated agent for service of process. As such, given that this is a proceeding that arises out of the business done in this state and to which this Defendant is a party, pursuant to TCPRC 17.044(b), the Secretary of State is an agent for service of process on this Defendant.  Pursuant to TCPRC § 17.045(a), after being served with duplicate copies of process, the secretary of state shall immediately mail a copy of the process to the defendant by registered mail or by certified mail, return receipt requested to its following home office address:

One World Logistics, LLC
Attn: President
1 World Trade Center, Suite 8500
New York, New York 10007

**\* Service is Requested on this Defendant at this Time \***

2.7    Defendant, CHAUCER SYNDICATE 1084 AT LLOYD'S ("Lloyd's"), is a foreign syndicate of insurers which engaged in business in Texas, but does not maintain a regular place of business in this state or a designated agent for service of process. As such, given that this is a proceeding that arises out of the business done in this state and to which this Defendant is a party, pursuant to TCPRC 17.044(b), the Secretary of State is an agent for service of process on this Defendant. Pursuant to TCPRC § 17.045(a), after being served with duplicate copies of process, the secretary of state shall immediately mail a copy of the process to the defendant by registered mail or by certified mail, return receipt requested to its following home office address:

Chaucer Syndicate 1084 at Lloyds
c/o Mendes & Mount
750 Seventh Avenue
New York, NY 10019

**\* Service is Requested on this Defendant at this Time \***

### III.  FACTS

3.1    TTLP contracted with 4G Metals, Inc. and/or 5G Metals, Inc. ("4G/5G") and/or its agent for the storage of a 2018 Lefort Baler Model SH1540A (the "Baler"). The Baler was new, having been shipped from the manufacturer in Germany on or about July 1, 2017, with a final destination of 2019 Ruder Street, Dallas, Dallas County, Texas. During the course of TTLP's possession and custody of the Baler, while stored on open and unprotected ground near a waterway, it suffered water damage. TTLP failed to disclose the damage, which was not discovered until after 4G/5G took possession of the Bailer.

## IV.  CAUSE OF ACTION - NEGLIGENCE

4.1     TTLP owed a duty to 4G/5G to properly store and attend to the custody of the Baler.  However, TTLP breached this duty to 4G/5G, by failing to provide adequate protection of the Baler from water damage, storing it on open and unprotected ground near a waterway that was about to flood.  TTLP failed to advise 4G/5G that it was stored in an area that was about to flood. TTLP was further negligent in failing to advise 4G/5G of the damage so that it could take timely steps to mitigate the damage.  These breaches constituted negligence, and proximately caused the damages suffered by 4G/5G, for which TTLP is liable.

4.2     Lefort initiated the assembly of the Baler after it arrived at 4G/5G's site in Dallas, Texas.  Lefort has expertise in regard to their machinery, but allowed the unit to be assembled with debris in the system in varying amounts.  Lefort should have recognized that there were issues and either not assembled the unit or cleaned the unit prior to installation.  In particular, Lefort's specialist erected the modules knowing full well that there was severe problem with the debris in the system.  He identified water and sludge (flood damaged soil) inside of the hydraulic lines for the equipment.  He considered that the water had traveled all the way into the valve block and that brackish water had entered into the equipment and most likely resulted in damages to the internals of the equipment from the salt content in the water.  Lefort's installer took photos of the equipment with the debris in the hydraulic lines and chose to erect the modules knowing the amount of debris in the lines.  Armed with his superior knowledge of the equipment and its necessity to have a near sterile internals, he nonetheless put the modules together knowing that there was going to be future problems with the unit.  It took nearly two months for the specialist to present his evaluation, though he commented that the heavy equipment is not designed to be sitting idle.  Lefort failed notify 4G/5G of the certain damages to

happen if the unit were erected and attempted to be put into service. Lefort's actions and/or inactions, by and through its employee(s), breached the standard of care, was other than that of a person of ordinary prudence, proximately caused 4G/5G to suffer actual damages, and constituted negligence, for which Lefort is liable.

4.3     Pleading in the alternative, TTLP has filed a motion for leave to designate OWL as a responsible third party in this case. In particular, TTLP contends that OWL's "negligence in failing to coordinate timely pickup of the Equipment and/or provide timely notice to 4G Metals of the Equipment's arrival at Texas Terminals prior to Hurricane Harvey was the cause of the alleged injuries to Plaintiff." If TTLP is correct, OWL is liable to 4G/5G on a cause of action for negligence, for its conduct which occurred after the Baler was stored on open and unprotected ground by Texas Terminals in Texas.

## V. CAUSE OF ACTION – BREACH OF BAILMENT CONTRACT

5.1     Pleading further, TTLP entered into a bailment agreement with 4G/5G, which consisted of the following elements: (1) The delivery of personal property by 4G/5G to TTLP in trust for a specific purpose, (2) acceptance by TTLP of such delivery, (3) an express or implied contract that the trust will be carried out, and (4) an understanding under the terms of the contract that the property will be returned to 4G/5G or dealt with as 4G/5G directed. The bailment was for mutual benefit as the Baler was delivered to TTLP as part of a commercial relationship between the parties. TTLP, as bailee, was required to exercise an ordinary or reasonable degree of care, and was therefore responsible for the Baler. TTLP failed to exercise ordinary or reasonable care in the safekeeping of the Baler, for which TTLP is liable for a cause of action for breach of its contract of bailment.

## VI.  CAUSE OF ACTION – BREACH OF INSURANCE CONTRACT

6.1     Pleading further, Lloyd's issued a policy of Marine Cargo Insurance to 4G/5G for the Bailer, under Certificate Anova/2017-20083, Open Cover Number ANOVA-V1-2535, Marks BBCH1027029AH02.  Despite being placed on written notice of the damage to the Bailer and written notice of claim, Lloyd's has failed to acknowledge or accept the claim.  Lloyd's failure to process the claim and make payment on the loss constitutes a breach of contract, for which it is liable.  Granite State is contractually and equitably subrogated to the causes of action of 4G/5G both in tort and contract, and may bring this claim against Lloyd's.  "We believe in Texas the right of subrogation is not limited to cases where the liability of the third person is founded in tort, but any right of the insured to indemnity will pass to the insurer."  *Duval County Ranch Co. v. Alamo Lumber Co.,* 663 S.W.2d 627, 636 (Tex.App.--Amarillo 1983, writ ref'd n.r.e.); *see also In re Texas Property and Casualty Insurance Guaranty Association,* 989 S.W.2d 880, 884 (Tex.App—Austin 1999, no pet.)("However, we do not believe the insurer's right to subrogation is limited to this factual situation.  Rather, we believe any right of the insured to indemnity will also pass to the insurer."); *Highlands Ins. v. New England Ins.,* 811 S.W.2d 272, 274 (Tex.App.--San Antonio 1991, no writ)("An insurer can subrogate even though its insured's right of recovery is based on contract"); *F. H. Vahlsing, Inc. v. Hartford Fire Ins. Co.,* 108 S.W.2d 947, 950 (Tex.Civ.App.--San Antonio 1937, writ dism'd); *Lancer Corp. v. Murillo,* 909 S.W.2d 122, 127 (Tex.App.--San Antonio 1995, no writ); and 46a *Tex Jur 3rd, Insurance Contracts and Coverage* § 1139 ("Because any right of the insured to indemnity from a third party will pass to the insurer upon its payment of loss, an insurer is entitled to subrogation whether the liability of the third person is sounded in tort, breach of contract, or other legal ground.  By payment of the insured's claim, the insurer is likewise subrogated to all of the contract rights of the insured,

including the right to recover attorneys' fees in a subrogation action where the insured would have been entitled to them in a direct lawsuit against the third party.")

## VII.  DAMAGES

7.1     As a result of the incident, 4G/5G suffered property damages, for which Defendants are liable.  Pursuant to Tex. Rule of Civ. Proc. 47, Granite State pleads that seeks monetary relief between $200,000 and $1,000,000.

## VIII. ATTORNEY'S FEES

8.1     Pursuant to Tex. Civ. Prac. & Rem. Code § 38.001(8), Granite State is entitled to recover a reasonable attorney's fee from TTLP and Lloyd's for the prosecution of this claim. *See Rushing v. Int'l Aviation Underwriters, Inc.*, 604 S.W.2d 239 (Tex.Civ.App.--Dallas 1980, writ ref'd n.r.e.); *Southern Ins. Co. v. Progressive County Mutual Ins. Co.,* 708 S.W.2d 549, 552 (Tex.App.—Houston[1st Dist.] 1986, writ ref'd n.r.e.).

## IX. FOR THE COURT ONLY

9.1     At all times material, 4G/5G was covered by a policy of insurance with Granite State.  Pursuant to the terms of the policy, Granite State has been called upon to make payments to and/or upon behalf of 4G/5G. Granite State is contractually and equitably subrogated to any claim which 4G/5G has against any third-party as the result of the third-party's legal liability. Accordingly, Granite State has become subrogated to 4G/5G's claims and damages against Defendants herein, which arose out of the occurrence, and is entitled to recover from Defendants the full amount of damages caused by Defendants, including any deductible incurred by 4G/5G, for which Granite State pleads.

## X. REQUEST FOR DISCLOSURE

10.1 Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are required to disclose the information or materials described in Rule 194.2(a) through (l) of the Texas Rules of Civil Procedure, within fifty (50) days of service of this petition.

WHEREFORE, Granite State prays that Defendants be served with citation and process, and that on final trial or hearing, Granite State have judgment against Defendants for actual damages with the jurisdictional limits of this Court; that Granite State is subrogated to the rights of 4G/5G, for a reasonable attorney's fee plus prejudgment and post-judgment interest at the highest applicable legal rate, costs of Court, and for such other and further relief as just.

Respectfully submitted,

KELLY, SMITH & SCHMIDT, P.C.

_____
Loren R. Smith
State Bar No. 18643800
smith@kellysmithpc.com
4305 Yoakum Blvd.
Houston, Texas 77006
(713) 861-9900
Fax: (713) 861-7100
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

   I hereby certify that on July 19, 2019, a true and correct copy of the foregoing instrument has been served to all known counsel of record, as follows:

*Via E-File: david.james@strasburger.com*
David E. James
Clark Hill Strasburger
2615 Calder Avenue, Suite 240
Beaumont, Texas 77701
**&** *annie.jacobs@clarkhillstrasburger.com*
*zoe.grisz@clarkhillstrasburger.com*
Annie J. Jacobs
Zoe P. Grisz
Clark Hill Strasburger
901 Main Street, Suite 6000
Dallas, Texas 75202
**ATTORNEYS FOR DEFENDANT,**
**TEXAS TERMINALS, L.P.**

                _____
                Loren R. Smith

Case 4:20-cv-01588 Document 1-2 Filed on 05/06/20 in TXSD Page 1 of 12

**7/19/2019 4:01:25 PM**
**Marilyn Burgess - District Clerk**
**Harris County**
**Envelope No: 35284488**
**By: HALL, BRITTANY**
**Filed: 7/19/2019 4:01:25 PM**



# KELLY, SMITH & SCHMIDT, P.C.
ATTORNEYS AT LAW

| DALLAS | HOUSTON – MAIN* | OKLAHOMA |
|---|---|---|
| 5700 TENNYSON PKWY. SUITE 300 | 4305 YOAKUM BLVD. | 107 W. MAIN ST. |
| PLANO, TEXAS 75074 | HOUSTON, TEXAS 77006 | ARDMORE, OK 73401 |
| TELEPHONE: 972.848.7300 | TELEPHONE: 713.861.9900 | TELEPHONE: 405.594.6330 |
| | FACSIMILE: 713.861.7100 | |

*PLEASE DIRECT ALL MAIL TO THIS OFFICE

July 19, 2019

***Via E-Filing System***
Marilyn Burgess
HARRIS COUNTY DISTRICT CLERK
201 Caroline
Houston, Texas 77002

Re: Cause No. 2018-70481; *Granite State Insurance Company, as Subrogee of 4G/5G Metals, Inc. d/b/a Sunshine Recycling v. Texas Terminals, L.P. and Palletized Trucking, Inc.;* In the 269th Judicial District Court of Harris County, Texas.

Dear Ms. Burgess:

Enclosed for filing in your usual and customary manner please find ***Plaintiff's Fourth Amended Original Petition and Request for Disclosure***. Please issue citation(s) to the following:

S.A. PRESSES ET CISAILLES LEFORT
Via the Texas Secretary of State
Attention: President
Rue Tahon, 1 A
6041 - Gosselies - BELGIUM

LEFORT AMERICA
Via the Texas Secretary of State
Attention: President
10895 NW 50th Street
Sunrise, FL 33351

LEFORT HEAVY PLANT SERVICES, LTD
Via the Texas Secretary of State
Higham House, Ballymurry, Knockcroghery, Co.
Roscommon
Republic of Ireland

ONE WORLD LOGISTICS, LLC
Via the Texas Secretary of State
Attn: President
1 World Trade Center, Suite 8500
New York, New York 10007

CHAUCER SYNDICATE 1084 AT LLOYDS

JULY 19, 2019
HARRIS COUNTY DISTRICT COURT CLERK
CLAIM NO. 231465412
PAGE 2 OF 2
_____

>Via the Texas Secretary of State
>c/o Mendes & Mount
>750 Seventh Avenue
>New York, NY 10019

Please return the citation(s) to our office for further handling. Thank you for your assistance. Should you have any questions or concerns, please feel free to contact our office anytime.

>Respectfully,
>
>**KELLY, SMITH & SCHMIDT, P.C.**
>
>*/s/ Amber Durham/*
>
>Amber Durham

Enclosures: as stated

AIG-4G/Clerk.4thAmendPOP.7.19.2019